NOT DESIGNATED FOR PUBLICATION

No. 128,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOLLI ANN SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JEROME P. HELLMER, judge. Submitted without oral argument. Opinion filed July 17, 2026. Affirmed.

*Justin Ferrell*, of Ferrell Law Office, LLC, of Concordia, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD, J., and ANDREW M. STEIN, District Judge, assigned.

PER CURIAM: Holli Ann Smith appeals her criminal conviction for driving under the influence. She argues that the State did not prove beyond a reasonable doubt that she operated her vehicle under the influence of alcohol. After review, we find sufficient evidence supported her conviction and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Smith with driving under the influence (DUI) following her arrest on July 10, 2019. The case proceeded to a bench trial on April 7, 2021. Deputy Craig Norris testified on behalf of the State; Smith testified in her own defense. There were no other witnesses.

On July 10, 2019, Norris was dispatched to the 6200 block of East Mariposa Road at 9:45 p.m. to perform a motorist assist. Upon his arrival, Norris found one vehicle parked in the roadway and another in the south ditch to the side of the dirt road. The road was muddy and wet. The driver's side tires were in the roadway while the passenger side tires were in the ditch. Norris identified Smith as the owner of the vehicle in the ditch. Smith was outside of her vehicle when Norris arrived. A younger man was also on the scene attempting to help Smith get her vehicle free.

During his contact with Smith, Norris noted the odor of alcohol coming from her breath, her slurred speech, and her bloodshot eyes. He asked Smith if she had consumed any alcohol that evening. She initially denied drinking alcohol but later admitted to drinking a beer three hours earlier after Norris confronted her with his observations.

Norris gave Smith permission to return to her car to tend to her dog, who had been in the car with her. While in her car, Smith fumbled with a few items in her vehicle and attempted to place her keys into the ignition of the car. Norris testified that these were potential signs of impairment. She eventually gave Norris the keys to her vehicle.

Based upon his observations, Norris requested that Smith perform field sobriety tests, which she refused. She also refused to perform a preliminary breath test (PBT). Norris thereafter arrested Smith for driving under the influence. Smith was taken to the Saline County jail and completed an evidentiary breath test, which showed a blood

alcohol content of 0.128. The breath test occurred about two hours after Norris had been dispatched to the scene.

Smith testified she left her home around 7 p.m. that evening following a dispute with her husband and took her dog with her. Smith denied consuming alcohol before leaving home and testified she had gotten stuck shortly after leaving her house. She explained that she had been stuck for approximately three hours. While she waited on the side of the road, a couple arrived and offered her multiple beers, which she consumed while waiting for assistance. The couple then left. Smith did not know the couple who stopped and offered her beer. Similarly, Smith testified she did not know the young man who was there when Norris arrived. She did not call a tow truck because she was "just kind of enjoying [herself]" and "wasn't in any big hurry."

The trial court ultimately found Smith guilty of DUI, finding that her credibility was questionable and Norris was the only witness present who was not under the influence of alcohol at the time of the incident. The trial court premised its decision on Smith's error in judgment, Norris' testimony, and the totality of the circumstances. The district court sentenced Smith to 6 months in the Saline County jail, suspended to 12 months' probation.

Smith appeals.

ANALYSIS

*Standard of Review*

"When a defendant challenges the sufficiency of the evidence, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. We do not reweigh

3

evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses." *State v. Mendez*, 319 Kan. 718, 723, 559 P.3d 792 (2024).

A reviewing court need only look "to the evidence in favor of the verdict to determine if the essential elements of a charge are sustained." *State v. Rice*, 261 Kan. 567, 586, 932 P.2d 981 (1997).

*Discussion*

Smith argues that there was insufficient evidence to prove she operated her vehicle under the influence of alcohol. She argues that the evidence only showed "an individual stuck in the mud, who testified that others had provided her alcohol on [the] side of the road after she became stuck in the mud." She asks us to vacate her conviction or remand for a new trial. However, because she only challenges the sufficiency of evidence, a remand for a new trial is an inappropriate remedy.

The statute in effect at the time of Smith's crime, K.S.A. 2019 Supp. 8-1567, provided, in relevant part:

> "(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:
> (1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in K.S.A. 8-1013(f)(1), and amendments thereto, is 0.08 or more;
> (2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is 0.08 or more;
> (3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle."

4

Our Supreme Court has held that "'operate'" as used in K.S.A. 8-1567 means "'drive,'" which requires movement of the vehicle. *State v. Darrow*, 304 Kan. 710, 714, 374 P.3d 673 (2016). Mere physical control of the vehicle is insufficient to show operation of the vehicle. 304 Kan. at 714.

While there must be some evidence the defendant operated or attempted to operate a vehicle, that evidence may be circumstantial. 304 Kan. at 716. There is no legal distinction between direct and circumstantial evidence in terms of their respective probative value. *State v. Kemmerly*, 319 Kan. 91, 102, 552 P.3d 1244 (2024). To sufficiently support the conviction, "circumstantial evidence does not need to exclude every other reasonable conclusion . . . ." *State v. Barnes*, 320 Kan. 147, 177-78, 563 P.3d 1255 (2025). A conviction of even the greatest gravity may be entirely premised upon circumstantial evidence. *Mendez*, 319 Kan. at 723. Indeed, a defendant can be convicted of DUI even when no eyewitnesses actually observed the defendant drive while under the influence. *State v. Gregory*, 191 Kan. 687, 688-89, 383 P.2d 965 (1963).

A party seeking to provide evidence of a claim beyond a reasonable doubt does not need to negate every possibility. See *State v. Stevenson*, 297 Kan. 49, 53, 298 P.3d 303 (2013). As with direct evidence, an appellate court must view circumstantial evidence in the light most favorable to the State to determine whether it reasonably supports a factfinder's guilty verdict. *Darrow*, 304 Kan. at 716.

In *State v. Moore*, 35 Kan. App. 2d 274, 129 P.3d 630 (2006), police responded to a call regarding a truck stuck in an open field. Although the police did not actively observe the defendant driving the truck, the defendant displayed slurred speech, emitted the odor of alcohol, and refused to submit to any field sobriety tests. The panel found this circumstantial evidence sufficient to allow a reasonable factfinder to find the defendant guilty of driving under the influence, in violation of K.S.A. 2005 Supp. 8-1567. 35 Kan. App. 2d at 284.

Smith's argument that the State did not provide a timeline showing she had driven while under the influence ignores established caselaw, such as *Moore*, negating the necessity of such evidence to maintain a DUI conviction under K.S.A. 8-1567. Further, Smith's argument substantially elevates the State's burden higher than Kansas law demands.

When viewed in the light most favorable to the State, we find there is sufficient evidence from which a rational factfinder could find beyond a reasonable doubt that Smith violated K.S.A. 2019 Supp. 8-1567. See *Mendez*, 319 Kan. at 723. Upon Norris' arrival on the scene, he smelled alcohol on Smith's breath, and she exhibited bloodshot red eyes along with slurred speech. Smith initially denied drinking but admitted to having done so after Norris confronted her with his observations. She then explained that two strangers stopped, shared a few beers with her, and gave her a few more before departing but did not attempt to help her get her vehicle free. Smith also refused to perform any field sobriety tests or to submit to a PBT. When Norris permitted Smith to check on her dog in the car, she tried to put her keys in the ignition. At that time, she was observed fumbling with items in the vehicle. The evidentiary breath test also measured a blood alcohol content of 0.128.

Smith is correct; there is no direct evidence of driving under the influence of alcohol. But circumstantial evidence supports the conviction. Smith was, apparently, the only driver unable to successfully navigate the muddy road. As the district court noted, Smith "was stuck on a road that she was familiar with with weather conditions she was familiar with knowing that that road was not a maintained road." She initially denied drinking alcohol but, upon being confronted, explained she was given beer by passing strangers after she was stranded. Smith also explained that she was stuck on the side of the road for approximately three hours but was "just kind of enjoying [herself]" and "wasn't in any big hurry." Although there is no direct evidence proving that Smith was

driving under the influence of alcohol, there is sufficient circumstantial evidence supporting her conviction for driving under the influence.

Affirmed.